FILED

FEB 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARTO KAVOOSIAN; et al.,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>ANTONY J. BLINKEN,* in his official capacity as Secretary of State; et al.,<br><br>        Defendants-Appellees. | No. 20-55325<br><br>D.C. No. 8:19-cv-01417-JVS-DFM<br>Central District of California, Santa Ana<br><br>ORDER |

The panel directs the Clerk of Court to enter the following order:

      Plaintiffs-Appellants, a group of United States citizens and lawful permanent residents and their Iranian national visa applicant relatives, appeal the district court's dismissal of their complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because this case is moot, we dismiss the appeal.

      Article III of the Constitution requires a case to present an actual controversy which is "extant at all stages of review, not merely at the time the complaint is filed." *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (citation

---

     \*     Antony J. Blinken is substituted for his predecessor, Michael R. Pompeo, as Secretary of State. Alejandro N. Mayorkas is substituted for his predecessor, Kevin K. McAleenan, as Secretary of the Department of Homeland Security. *See* Fed. R. App. P. 43(c)(2).

omitted). "An appeal is moot if there exists no present controversy as to which effective relief can be granted." *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiffs-Appellants' operative complaint seeks declaratory and injunctive relief regarding the enforcement of Presidential Proclamation 9645 ("PP 9645"), which created "enhanced vetting" and waiver procedures for visa applicants from certain countries, including Iran. Proclamation No. 9645, 82 Fed. Reg. 45161 (Sept. 24, 2017). PP 9645 has since been revoked. Proclamation No. 10141, 86 Fed. Reg. 7005 (Jan. 20, 2021). Accordingly, Plaintiffs-Appellants' appeal presents no active controversy as to which this court could grant relief. Plaintiffs-Appellants' argument that this case is capable of repetition yet evades review is conclusory, as they provide no evidence of a "reasonable expectation" that they will confront this controversy again. *See W. Coast Seafood*, 643 F.3d at 704. Indeed, the Proclamation which rescinded PP 9645 now directs visa processing to resume in a manner similar to that which Plaintiffs-Appellants seek in their operative complaint. 86 Fed. Reg. 7005.

DISMISSED. Each party to bear its own costs.