

|  | **U.S. Department of Justice** |
|---|---|
|  | Civil Division |
| 40-82-103.03 | Office of Immigration Litigation |

*Washington, D.C. 20530*

**VIA CM/ECF**                                             January 9, 2023
Honorable James Donato
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Emami v. Nielsen*, No. 17-cv-1587-JD, and *Pars Equality Center v. Pompeo*, No. 17-cv-7818-JD

Dear Judge Donato:

      Defendants respectfully submit this letter to provide the Court with a status update on the named Plaintiffs in these cases. Since Defendants submitted their remedy action plan on August 30, 2022, there have been material developments pertaining to the few named Plaintiffs left in these suits. Pending the Court's consideration of the parties' competing action plans, the State Department has continued to carry out Presidential Proclamation 10141 ("PP 10141"), specifically President Biden's broad directive that steps be taken to ensure individuals whose immigrant visa applications were denied under Presidential Proclamation 9645 ("PP 9645") may have their applications reconsidered, and that nonimmigrant visa applicants are not prejudiced as a result of a previous visa denial under PP 9645 if they choose to reapply. Most notably, the State Department amended its own regulations at 22 C.F.R. §§ 22.1 and 42.71 to provide fee exemptions to certain immigrant visa applicants previously denied solely because of PP 9645, and those regulations remain fully in effect. *See* U.S. Dep't of State Bureau of Consular Affairs, *Immigrant Visa Fee Exemption for Applicants Previously Refused under Presidential Proclamation 9645 and 9983*, *available at* https://travel.state.gov/content/travel/en/News/visas-news/iv-fee-exemption-for-applicants-previously-refused-under-pps-9645-and-9983.html (last visited Jan. 4, 2023).

      The named Plaintiffs in these cases are among those who have benefitted from the State Department's diligent implementation of PP 10141. All of the named Plaintiffs previously refused immigrant visas under PP 9645 have had their applications reconsidered in accordance with PP 10141—many of them being issued visas as a result and the rest refused on other applicable grounds. And consistent with the State Department's amended regulations, none have had to pay new processing fees or even file new applications to receive reconsideration under PP 10141. Nonetheless, in their action plan, Defendants identified the following seven individuals whose claims were still being contended by Plaintiffs:

- 2 -

***Immigrant Visa Applicants***

    Abdirashid Ahmed Jama
    Nastaran Haji Heydari

***Nonimmigrant Visa Applicants***

    Farajollah Farnoudian
    Zahra Rouzbehani
    Bahram Charkhtab Tabrizi
    Mohammad Mehdi Mozaffary
    Alireza Dehghanzadeh

Since then, **Abdirashid Ahmed Jama**—the beneficiary of a family-based immigrant visa petition filed by his parent, Khadija Aden—has been found eligible and issued a visa. His claims against Defendants are now moot.

**Nastaran Haji Heydari**, meanwhile, still has not responded to repeated attempts by the consular section in London to contact her about the documents and information necessary to reconsider her refused application (e.g., an updated medical examination, current visa photos, a police certificate). Until she does, a consular officer cannot complete reconsideration of her application. To the extent she has no interest in further prosecuting his application, there is no effectual relief that this Court can provide her, and her claims are rendered moot. *See Knox v. Service Employees Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012). If, however, she has not abandoned her application, Defendants remain willing—as set out in their action plan—to work with Plaintiffs' counsel to communicate what is still required from Heydari.

As for the **five nonimmigrant visa applicant Plaintiffs**, none of them have yet to file for a nonimmigrant visa, almost two years after PP 9645 was rescinded, and it is unclear whether they presently want to travel to the United States on a temporary basis (they had previously applied for tourist visas). That said, Defendants stand by their offer—detailed in their action plan—(1) to work with Plaintiffs' counsel to communicate to each of these five Plaintiffs that they can reapply if they still wish to visit the United States, (2) to process any new nonimmigrant visa applications without assessing new processing or issuance fees, and (3) to work with Plaintiffs' counsel to facilitate prioritized scheduling of any resulting in-person interviews.

In their action plan, Plaintiffs identified seven individuals whom Defendants purportedly had left out:

***Immigrant Visa Applicants***

    Khadija Aden
    Farangis Emami
    Ehsan Heidaryan

*Nonimmigrant Visa Applicants*

>Hojjatollah Azizikoutenaei
>Roghayeh Azizikoutenaei
>Fakhrossadat Hosseini
>Mohsen Zamani

**Khadija Aden** was accounted for in Defendants' action plan through the inclusion of her child Abdirashid Ahmed Jama, for whom Aden had filed a family-based immigrant visa petition. Jama was found eligible and issued a visa, and so Aden's claims are now moot.

After her refusal under PP 9645 in 2018, **Farangis Emami** filed a new application for a tourist visa in 2022, paying the requisite fees associated with that application. The next step is for her to schedule an appointment to appear before a consular officer, who will determine her eligibility for a visa based on the application, her representations during the interview, and any relevant documentation. *See* 22 C.F.R. § 41.102(a). While Plaintiffs have not conceded the mootness of Emami's claims, no court intervention is warranted with regard to her pursuit of a visa, as she has already filed the necessary form and paid the applicable fees, and needs only to schedule the legally required interview to make her visa application, *see* 22 C.F.R. § 40.1(l)(1), at which time a consular officer will adjudicate her application.

**Ehsan Heidaryan** is an immigrant visa applicant who, in 2022, received a fee waiver and had his prior refusal under PP 9645 reconsidered by a consular officer pursuant to PP 10141. Upon reconsideration, the consular officer denied his visa application under 8 U.S.C. § 1201(g) without any regard to PP 9645. His claims relating to his prior refusal under PP 9645 are now moot.[1]

After their refusals under PP 9645 in 2018, **Hojjatollah Azizikoutenaei** and **Roghayeh Azizikoutenaei** filed new applications for tourist visas in 2022. Those applications have since been refused under 8 U.S.C. § 1201(g) without regard to PP 9645. Their claims are also moot.

**Fakhrossadat Hosseini** and **Mohsen Zamani** are the mother-in-law and brother of *Pars* Plaintiff Hossein Zamani Hosseinabadi. Hosseini was issued a tourist visa valid until January 28, 2018, and she was in fact able to enter the United States on that visa to see Hosseinabadi and his family. *Pars Equality Center*, Dkt. No. 1 (Compl.), ¶ 212. As for Zamani, it does not appear from State Department records that he ever filed a nonimmigrant visa application while PP 9645 was in effect, despite Plaintiffs' assertion that Hosseinabadi was "relying on [Zamani] . . . to assist with caring for his child." *Id.* ¶ 214. Plaintiffs do assert that Zamani had been selected for an immigrant visa through the diversity visa program, *id.*, but Zamani's eligibility to apply for a 2018 diversity

---

[1] On August 17, 2022, Heidaryan filed a petition for writ of mandamus in the United States District Court for the District of Columbia, claiming unreasonable delay in the adjudication of his immigrant visa. *Heidaryan v. Ward, et al.*, No. 22-cv-02454-ABJ (D.D.C. Aug. 17, 2022), Dkt. No. 1. Notably, in that petition, Heidaryan made no mention of any prior refusal under PP 9645 or any prejudice he might still be experiencing as a result of any such refusal. *Id.* That case is currently stayed, with a joint status report due by March 1, 2023, if the case has not been dismissed in the interim.

visa expired on September 30, 2018. Any claims they might want to raise with regard to Zamani's missed opportunity to apply for a diversity visa have nothing to do with PP 9645 or the procedures implemented by the State Department pursuant to PP 10141. Both Hosseini's and Zamani's claims against the Government are accordingly moot.

At this point, the State Department has made every effort in good faith to ensure the few remaining named Plaintiffs are not prejudiced as a result of any previous visa denials under PP 9645. While a small handful of nonimmigrant visa applicant Plaintiffs have not indicated whether they remain interested in applying for visas, Defendants reiterate their willingness to waive fees and expedite interview scheduling for those individuals if they still wish to travel to the United States. *See Emami*, Dkt No. 211 (Dfts.' Remedy Action Plan).

Dated: January 9, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

SAMUEL P. GO
Assistant Director
Office of Immigration Litigation
District Court Section

*/s/ David Kim*
DAVID KIM
Trial Attorney
P. ANGEL MARTINEZ
NICOLE GRANT
Senior Litigation Counsel

**Attorneys for Defendants**